UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL STEWART | ) | CASE NO. |
| 411 Spring Street | ) | |
| Big Rapids, MI 49307 | ) | JUDGE |
| | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| Plaintiff, | ) | (Jury Demand Endorsed Herein) |
| | ) | |
| vs. | ) | |
| | ) | |
| EPITEC, INC. | ) | |
| c/o Statutory Agent CSC-Lawyers | ) | |
| Incorporating Service | ) | |
| 2900 West Road, Suite 500 | ) | |
| East Lansing, MI 48823 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Michael Stewart, by and through undersigned counsel, and for his Complaint against Epitec, Inc. ("Defendant") states and alleges the following:

**INTRODUCTION**

1.     Plaintiff institutes this "collective action" as a result of Defendant's misclassification of him and other similarly situated individuals as "exempt" employees and for its willful failure to compensate employees overtime compensation at the rate of one and one-half their regular rate of pay as required under the in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-

219.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5.      At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Mecosta County, Michigan.

6.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7.      At all times relevant herein, Defendant, was a domestic profit corporation organized and existing under the laws of the State of Michigan.

8.      At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9.      At times relevant herein, Defendant was an enterprise within the

meaning of 29 U.S.C. § 203(r).

10.     At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.     At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.     Plaintiff's written consent to this action is attached hereto as Exhibit A.

13.     Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS
### (Misclassification as Exempt/Failure to Pay Overtime Compensation)

14.     Defendant provides recruiting services to its customers.

15.     From approximately May 2022 to June 29, 2022, Plaintiff was employed by Defendant as a recruiter at its location in Southfield, Michigan.

16.     At all material times, Defendant employed other similarly situated employees as recruiters at its locations in Michigan.

17.     Defendant misclassified Plaintiff and other similarly situated recruiters as exempt from the overtime provisions of the FLSA and paid them a salary wage for 40 hours per workweek.

18.     Defendant required Plaintiff and other similarly situated recruiters to

work more than 40 hours per workweek and did not compensate them for the overtime hours they worked as mandated by the FLSA.

19.    None of the bona fide exemptions applied to the work that Plaintiff and other recruiters performed during their employment with Defendant.

20.    Plaintiff and other similarly situated recruiters did not engage in management.

21.    Plaintiff and other similarly situated recruiters did not direct the work of any employees.

22.    Plaintiff and other similarly situated recruiters did not have any authority to hire, fire, or promote employees.

23.    Plaintiff and other similarly situated recruiters did not perform work directly related to the management or general business operations of Defendant.

24.    Plaintiff and other similarly situated recruiters did not exercise discretion or independent judgment with respect to matters of significance.

25.    Plaintiff and other similarly situated recruiters did not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

26.    Instead, the primary duty of Plaintiff and other similarly situated recruiters was/is locating individuals on various job search websites and forwarding those individuals to the client.

27.   Moreover, Plaintiff and other similarly situated recruiters were not customarily or regularly engaged away from Defendant's places of business, nor did they perform their sales at customers' place of businesses or homes.

28.   Defendant failed to pay Plaintiff and other similarly situated recruiters overtime compensation for all of the hours they worked over 40 each workweek.

29.   Plaintiff estimates that, on average, he worked approximately 45 to 50 hours per week throughout his employment with Defendant.

### (Failure to Keep Accurate Records)

30.   Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated recruiters.

### (Defendant Willfully Violated the FLSA)

31.   Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

32.   Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

33.     The class which Plaintiff seeks to represent and for whom Plaintiff

seeks the right to send "opt-in" notices for purposes of the collective action, and of

which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former recruiters employed by Epitec, Inc. in the
> United States at any time between 3 years prior to the filing of this
> suit and the present.

34.     Plaintiff is unable, at this time, to state the exact size of the potential

class, but upon information and belief, avers that it consists of more than 100

persons.

35.     This action is maintainable as an "opt-in" collective action pursuant to

29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation,

liquidated damages, attorneys' fees, and costs under the FLSA.   In addition to

Plaintiff, numerous current and former recruiters are similarly situated with regard

to their claims for unpaid wages and damages. Plaintiff is representative of those

other employees and is acting on behalf of their interests as well as his own in

bringing this action.

36.     Plaintiff is similarly situated to all former and current recruiters

described in the above class as he and the class held the same position, had the same

primary job duties and/or responsibilities, were misclassified as "exempt"

employees, regularly worked over 40 hours in a workweek, were not paid overtime

compensation for the hours they worked over 40 in a workweek, and were subjected

to the same pay practices, policies, and procedures.

37.     Plaintiff had firsthand knowledge that other similarly situated current and former recruiters of Defendant held the same position, had the same primary job duties and/or responsibilities, were misclassified as "exempt" employees, were not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures.

38.     The similarly situated current and former recruiters are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Violations of the Fair Labor Standards Act)

39.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40.     Defendant's practice and policy of failing to pay Plaintiff and other similarly situated recruiters overtime compensation at the rate of one and one-half their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

41.     By the acts and conduct described above, Defendant has violated and is in violation of 29 U.S.C. §207(a)(l).

42.     Defendant's failure to keep accurate records of the hours Plaintiff and other similarly situated recruiters worked each workday and workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

43.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

44.     Defendant is liable to Plaintiff and those similarly situated for unpaid overtime compensation in an amount to be determined at trial and all other damages, costs and attorney's fees provided by the FLSA.

45.     Defendant has intentionally failed to pay Plaintiffs and other similarly situated employees' required overtime compensation for hours worked in excess of 40 per workweek.

46.     Defendant's conduct in failing to pay required overtime compensation was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action;

B.      Order prompt notice to all class members that this litigation is pending

and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. §

216(b);

C.      Award Plaintiff and the class he represents actual damages for unpaid

wages;

D.      Award Plaintiff and the class he represents liquidated damages equal in

amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

E.      Award Plaintiff and the classes he represents pre- and post-judgment

interest at the statutory rate;

F.      Award Plaintiff and the classes he represents attorneys' fees, costs, and

disbursements; and

G.      Award Plaintiff and the classes he represents further and additional relief

as this Court deems just and proper.


                                        Respectfully submitted,

                                        /s/ *Anthony J. Lazzaro*
                                        Anthony J. Lazzaro (MI P86195)
                                        Matthew S. Grimsley (OH 0092942)
                                        Lori M. Griffin (OH 0085241)
                                        Alanna Klein Fischer (OH 0090986)
                                        The Lazzaro Law Firm, LLC
                                        The Heritage Building, Suite 250
                                        34555 Chagrin Boulevard
                                        Moreland Hills, Ohio 44022
                                        Phone: 216-696-5000

Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
matthew@lazzarolawfirm.com
lori@lazzarolawfirm.com
alanna@lazzarolawfirm.com
Attorneys for Plaintiff


## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ *Anthony J. Lazzaro*
Anthony J. Lazzaro (MI P86195)
One of Plaintiff's Attorneys

10

## CONSENT FORM

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit or arbitration case filed against my employer.

2. I understand that the claims are brought under the Fair Labor Standards Act and/or state wage and hour laws.  I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify the case as a collective or class action.  If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is not conditionally certified or decertified after conditional certification, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.  In the event my claim must be brought in arbitration, I authorize Plaintiff's counsel to file a claim for arbitration on my behalf.

5. I understand that Plaintiff's counsel agrees to represent me on a contingency fee basis without any prepayment of attorneys' fees or costs.  The fees and costs will either be subtracted from the total recovery obtained from my employer in the amount of thirty-three and one-third percent (33-1/3%) of my total recovery plus costs expended by Plaintiff's counsel on my behalf, or they may be paid separately by my employer.  If there is no recovery, Plaintiff's counsel will not be paid for their work on this case.

**Employer:**

Epitec

Signature: *Michael Stewart*
Michael Stewart (Oct 19, 2022 12:23 EDT)

Date:   Oct 19, 2022

Michael Stewart
411 Spring Street
Big Rapids, MI 49307
stewam26@ferris.edu