UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL STEWART, on behalf of himself and all others similarly situated, | ) ) ) ) | CASE NO. 2:22-cv-12857 JUDGE STEPHEN J. MURPHY, III |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| EPITEC, INC. | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S DISCOVERY BRIEF

### I.     SUMMARY OF ARGUMENT

Defendant takes contrary positions throughout its discovery brief. Defendant claims it wants bifurcated discovery on the issue of similarly situatedness and then on the merits and damages of the case, yet Defendant wants to depose all the current Plaintiffs regarding the merits of their claim prior to court-supervised notice, 7 interrogatories and 7 requests for production of documents to each plaintiff *plus* 25 general interrogatories all while denying Plaintiff access to the contact information for the potential group of similarly situated employees, three-years of the time and pay records for the entire group, and other relevant documents. Defendant suggests two phases of discovery for Plaintiff yet seeks discovery on merits-based issues from all the current Plaintiffs immediately.

The *only* issue before the Court is whether there is a "strong likelihood" that Plaintiffs are similarly situated to other employees, i.e. they were subject to the same policies as to both timekeeping and compensation, performed the same tasks, that they all suffered from a single, FLSA violating policy, and/or when their claims are unified by common theories of Defendant's statutory violations.  At this stage of the case, discovery should be limited to that issue alone.

Plaintiff is not required to prove conclusively that absent class members are, in fact, similarly situated.  But, rather, that there is a "strong likelihood" that they might be similarly situated to Plaintiff.  The Court's decision to allow notice to other employees is provisional—it "has zero effect on the character of the underlying suit."  *Foley v. Wildcat Invs., LLC*, No. 2:21-CV-5234, 2023 WL 4485571, at *2 (S.D. Ohio July 12, 2023), citing Clark, at 1011.

In Circuits where a standard higher that the "strong likelihood" standard is applied for purposes of determining whether individuals are similarly situated and entitled to receive court-supervised notice, the courts have held that there should be "[n]o judicial thumbs (or anvils) on the scale" related to the merits of the case at the certification stage.  *Swales*, 985 F.3d at 436. At the court-supervised notice stage, the Court should not decide who will ultimately prevail. *See id; see also Vaughn v. Document Grp. Inc.*, 250 F. Supp. 3d 236, 239 (S.D. Tex. 2017); *Hamm v. Acadia Healthcare Co.,* No. CV 20-1515, 2021 WL 5749900, at *2 (E.D. La. Oct. 19, 2021).

2

Instead, the issue for court-supervised notice is simply "whether merits questions can be answered collectively" and this certification decision must be made "as early as possible." *Id*. at 441. Whether Defendants actually violated the FLSA is a question that will be answered at a later date, after the Parties have had the benefit of unimpeded discovery. *See Pereira v. Foot Locker, Inc.,* 261 F.R.D. 60, 63–64 (E.D. Pa. 2009); *McElroy v. Fresh Mark, Inc.,* No. 5:22-CV-287, 2023 WL 4904065, at *8 (N.D. Ohio Aug. 1, 2023)( [this] Court does not read *Clark* as broadly endorsing expedited discovery with respect to all affirmative defenses at the notice stage, but rather only permitting discovery, if necessary, related to specific defenses that may be directly relevant to the "similarly situated" inquiry."); *McCall v. Soft-Lite L.L.C.,* No. 5:22-CV-816, 2023 WL 4904023, at *5 (N.D. Ohio Aug. 1, 2023).

The determination of whether a group of similarly situated individuals exists can be determined from a 30(b)(6) deposition, and the discovery listed in Plaintiff's Discovery brief for a three-year period. Plaintiffs have already provided statements regarding their work experience. No additional, relevant information relating to whether they are similarly situated can be gleaned from the Plaintiffs at this stage. Permitting the depositions/written discovery beyond the normal limitations of all of the Plaintiffs at this stage is a waste of judicial resources as either merits-based issues, including damages, will be raised or each plaintiff will have to be deposed twice under Defendant's proposal. This Court should wait to determine the scope

of discovery relating to the opt-ins until after the decision regarding court-supervised notice.  It is only after this determination that the scope of the class will be known and then a determination regarding representative discovery should be made.

The Court should err on the side of inclusivity at this stage of the case and require Defendant to produce data for the three-year period. Defendant's commentary regarding alleged differences between the existing Plaintiffs does not prove that they cannot be similarly situated, rather it shows that Defendant already has the information it deems critical to the determination of similarly situatedness and therefore Defendant does not need to conduct discovery pre-notice.

## II.    LAW & ARGUMENT

### A.    The class list is discoverable prior to a determination that a group of similarly situated individuals exist.

As previously stated in Plaintiff's Discovery Brief, Plaintiff is entitled to the names, contact details, and employment details of all of Epitec's salaried recruiters for the past three years (the "class list"). Defendant cites no case that prohibits the disclosure of the class list prior to a determination regarding similarly situatedness, nor does Defendant distinguish any of the cases authorizing disclosure of the class list pre-notice cited in Plaintiff's Discovery Brief.  Instead, Defendant goes on a tirade of potential abuses Plaintiff could commit if given access to the same information to which Defendant already has access.  Defendants in FLSA cases have been contacting employees, speaking to them, and providing declarations of

4

employees to support their Oppositions to Conditional Certification to show they are not similarly situated for many years.  *See Creely v. HCR ManorCare, Inc*., 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011)(this Court was "not swayed by Atrium's submission of 35 "happy camper" affidavits from employees at seven of Atrium's auto-deduct facilities); *Thompson v. Menorah Park Center for Senior Living*, 1:17-CV-2580 (N.D. Ohio Feb. 4, 2021)(70 declarations of employees submitted by Defendant); *Snodgrass v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2013 WL 6388558, at *4 (S.D. Ohio Dec. 5, 2013)(64 so-called 'happy camper' declarations submitted by Defendant); (*Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2019 WL 5257051, at *3 (N.D. Ohio Oct. 17, 2019); *Seldomridge v. Fifth Third Bank*, No. 1:18-CV-553, 2019 WL 3842403, at *4 (S.D. Ohio Aug. 15, 2019); *Abner v. Convergys Corp*., No. 1:18-CV-442, 2019 WL 1573201, at *5 (S.D. Ohio Apr. 11, 2019); *Slaughter v. RMLS Hop Ohio, L.L.C*., No. 2:19-CV-3812, 2020 WL 1929383, at *8 (S.D. Ohio Apr. 21, 2020); *Crosby v. Stage Stores, Inc*., 348 F. Supp. 3d 742, 749 (M.D. Tenn. 2018).

Defendant has access to these employees for purposes of providing evidence to oppose Plaintiff's request to issue notice.  In fact, in most cases many of the similarly situated employees are current employees of the defendant employer. Thus, not only does an employer (and its Counsel) have exclusive access to them, they also have the power to control whether these employees remain employed.

Plaintiff has no access to them, yet has no power over any portion of their lives.  The Parties on not on equal grounds with respect to proving whether there is a strong likelihood that Plaintiffs are similarly situated with other salaried recruiters.

As cited in Plaintiff's Discovery Brief, courts around the country have required disclosure of the list pre-notice, and even after court supervised notice was denied.  *Chenault v. Beiersdorf Inc,* No. 1:20-CV-174, 2020 WL 5016795, at *3 (S.D. Ohio Aug. 24, 2020)(" Here, the Court finds that Defendant's production of an unredacted employee list is appropriate to enable Plaintiff to identify similarly situated employees, which is permissible discovery for Plaintiff during the first pre-certification phase of discovery.")

Defendant's own brief illustrates the importance of Plaintiff receiving the class information, the time and pay records for all salaried recruiters.  Defendant knows how many hours the other potential plaintiffs reported, Plaintiff does not; Defendant has the ability to speak with the potential plaintiffs, Plaintiff does not; and Defendant knows details relating to potential plaintiffs' employment, Plaintiff does not.

**B.** **Defendant seeks information already in its possession which goes to the merits of the case and is not relevant to the determination of whether Plaintiffs are similarly situated to other employees.**

Defendant requests that this Court require Plaintiff to disclose privileged communications between the Plaintiffs (if any exist) in order to answer hypothetical,

merits-based questions.  Defendant also requests the depositions of Plaintiffs to ask merits based questions.  Many of the hypothetical questions can be answered by Defendant's own records, such as whether any recruiter is subject to an arbitration clause.

However, even if arbitration clauses existed, that does not mean that the plaintiffs are not similarly situated to each other.  In the Northern District of Ohio, Judge Polster recently held that,  "Plaintiffs should not be precluded from sending out notice to potential opt-in plaintiffs on the sole basis that, like Plaintiffs, other similarly situated salespeople also signed employment agreements containing arbitration clauses. *Lundholm v. Crosscountry Mortgage, LLC,* Northern District of Ohio, Case No. 1:23-cv-00285 (July 10, 2023), unreported, attached as Exhibit 1.

None of the information requested by Defendant goes to the current issue before this Court:   whether Plaintiffs are similarly situated to other salaried recruiters.  Defendant seeks discovery from Plaintiffs on the merits of their claims, which is not appropriate at this stage.

### C. Three years of discovery is warranted under the remedial nature of the FLSA until a factual determination regarding willfulness can be made based on full discovery.

Given the early stages of this case and the remedial nature of the FLSA, the Court should permit discovery on a three-year basis as Plaintiff is not required to prove a willful violation to send court-supervised notice. *Mathews v. ALC Partner,*

*Inc.*, No. 08-CV-10636, 2009 WL 10680524, at *3 (E.D. Mich. Oct. 27, 2009). *See, e.g.*, *Harrington v. Educ. Mgmt. Corp.*, No. 02-0787, 2002 WL 1343753 (S.D.N.Y. June 19, 2002); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 484, 484 (E.D. Cal. 2006); *Kimbell v. Dynamic Strategy, Inc.*, No. 08-1175, 2009 WL 1651431 (M.D. Tenn. June 12, 2009); *see also Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 373 (E.D.N. Y 2008).

**Whether or not plaintiff can ultimately prevail on the claims asserted in this action or on any eventual request to permit the joinder of additional, similarly-situated, plaintiffs is not appropriately resolved, in unilateral fashion, by defendant's objection to plaintiff's discovery requests."** *Miklos v. Golman–Hayden Cos., Inc.,* No. Civ. A. 2:99–CV–1279, 2000 WL 1617969 (S.D.Ohio Oct.24, 2000), (Emphasis added.)

Defendant's assertion that Plaintiff has not sufficiently pled willfulness is incorrect. In addition to the Paragraphs cited by Defendant, Plaintiff alleged that he and other salaried recruiters were misclassified as exempt and denied overtime compensation and specifically in Paragraph 30 of his Complaint that "Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated recruiters." (Doc. 1.)

Defendant cites *Hutchins v. Great Lakes Home Health Servs., Inc.,* No. 17-CV-10210, 2017 WL 3278209, at *3 (E.D. Mich. Aug. 2, 2017) for the proposition

8

that Plaintiff has not properly pled a willful violation. *Hutchins* is distinguishable in multiple instances. The court in Hutchins was detailing the standard for pleading a willful violation, it was not determining the scope of the defendant's discovery production. Second, Plaintiff has pled the exact language the court required to corroborate an allegation of a willful violation in a complaint. Defendant's argument was more suited for a Rule 12 motion rather than a basis to withhold discovery for the third year. In fact, *none* of the cases cited by Defendant in support of its argument relate to any alleged pleading standard for *discovery,* but rather what language is required in a pleading to survive a motion to dismiss.

This Court should follow its reasoning in *Mathews v. ALC Partner, Inc.,* No. 08-CV-10636, 2009 WL 10680524, at *2 (E.D. Mich. Oct. 27, 2009) and permit discovery (and court-supervised notice) for the three-year period prior to filing the complaint and then make the determination after full discovery whether a two- or three-year statute of limitations applies. This approach is more practical than conducting a second round of discovery for the three-year period at some later point in the case. Defendant is not prejudiced by requiring production of discovery for the three-year period.

**D.    Defendant's discovery plan is not narrowly tailored to the issue of whether a group of similarly situated individuals exists, and is overly broad, unduly burdensome, and goes to the merits of the case.**

The Sixth Circuit admonished courts to expedite its decision on whether to grant court-supervised notice. *Clark v. A&L Homecare & Training Ctr., LLC,* 68 F.4th 1003, 1011 (6th Cir. 2023). This necessarily means an expedited discovery period to make the determination as to whether there is a strong likelihood that plaintiffs are similarly situated, not on the merits of the case or individualized defenses to the extent they do not relate to the determination regarding similarly situated. *Jones v. Ferro Corp.*, Case No. 1:22-cv-00253-JDA, 2023 WL 4456815, at *4 (N.D. Ohio Jul. 11, 2023) (noting that *Clark* emphasized that district courts may expedite discovery relevant to the "similarly situated" question when applying this standard); *Veronica Watts Rashad & Calvin Bell, v. Mason's Professional Cleaning Service, Llc, Dorothy Mason, & Elliot Mason, Defendants.,* No. 222CV02635JTFTMP, 2023 WL 5154534, at *4 (W.D. Tenn. Aug. 10, 2023) (same). Other courts have recognized, "[g]iven the Supreme Court's direction that the broad remedial goal of the FLSA should be enforced to the full extent of its terms, pre-certification discovery is appropriate to enable the plaintiff to define the class and identify similarly situated employees." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 698 (N.D.N.Y. 2015) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010)) (internal quotation marks and alterations omitted).

To send court-supervised notice, Plaintiff is not required to prove conclusively

that absent class members are, in fact, similarly situated. But, rather, that there is a "strong likelihood" that they might be similarly situated to Plaintiff. The Court's decision to allow notice to other employees is provisional—it "has zero effect on the character of the underlying suit." *Foley v. Wildcat Invs., LLC*, No. 2:21-CV-5234, 2023 WL 4485571, at *2 (S.D. Ohio July 12, 2023), citing *Clark,* at 1011.

Plaintiffs are similarly situated "when they suffer from a single, FLSA–violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009). But employees can be "similarly situated" under the FLSA even if proof of a violation of one plaintiff's rights does not necessarily prove a violation of another's rights. *Id.* **That is, plaintiffs are similarly situated if their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."** *Foley v. Wildcat Invs., LLC,* No. 2:21-CV-5234, 2023 WL 4485571, at *3 (S.D. Ohio July 12, 2023), citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir.2009)(Emphasis added.) Similarly situated opt-ins "are those whose causes of action accrued in approximately the same manner as those of the named plaintiff." *Id.*

Multiple factors guide the Court's determination of similarly situatedness, including whether opt-in plaintiffs **"performed the same tasks and were subject**

11

to the same policies—as to both timekeeping and compensation—as the [named] plaintiffs were." *Clark*, at 1010, citing *Pierce v. Wyndham Resorts, Inc.*, 922 F.3d 741, 745–46 (6th Cir. 2019). *See also, Monroe v. FTS USA, LLC*, 860 F.3d 389, 404 (6th Cir. 2017)("Several circuits, including our own, hold that individualized defenses alone do not warrant decertification where sufficient common issues or job traits otherwise permit collective litigation.").  No single factor is determinative; instead:

> **The very point of the "similarly situated" inquiry is to determine whether the merits of other-employee claims would be similar to the merits of the original plaintiffs' claims—so that collective litigation would yield "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."**

*Foley v. Wildcat Invs., LLC,* No. 2:21-CV-5234, 2023 WL 4485571, at *3 (S.D. Ohio July 12, 2023), quoting *Clark*, at 1012, quoting *Hoffmann-La Roche*, 493 U.S. at 170).

"Step two of the collective determination is relatively unchanged by *Clark*. It occurs after the close of discovery and requires that the Court conclusively determine whether the named plaintiffs are 'in fact similarly situated' to any opt-ins."  *Foley v. Wildcat Invs., LLC,* No. 2:21-CV-5234, 2023 WL 4485571, at *2 (S.D. Ohio July 12, 2023).  See also *McCall v. Soft-Lite L.L.C.,* at *8, citing *McElwee v. Bryan Cowdery, Inc.,* No. 2:21-cv-1265, 2023 WL 4423880 (S.D.Ohio July 10, 2023);

12

*Jones* 2023 WL 4456815, at *6. *See also, McElroy v. Fresh Mark, Inc.,* No. 5:22-CV-287, 2023 WL 4904065, at *9 (N.D. Ohio Aug. 1, 2023).

Plaintiff requires discovery on the merits of other employees' claims so Plaintiffs can show that they are indeed similar to the merits of the current Plaintiffs, they were misclassified as exempt, they were subject to the same policies regarding timekeeping and pay, and they performed the same tasks.

As such, Plaintiff is entitled to discover information relating to the tasks performed by other employees, as well as timekeeping and compensation of other employees. While Defendant argues that certain written policies were produced, the Court in *Holder* also pointed out the fact that documents may say one thing while a person could testify contrary to the documents. *See Holder* at 1011. As such, while Defendant may have "policies" that does not mean that the policies were adhered to or followed.

Plaintiff has already submitted declarations showing that Defendant's policies were not followed. The current plaintiffs have already stated under oath that "Epitec required/requires me to regularly work over 40 hours per week, however, I was/am not paid overtime compensation for any of the hours I worked/work over 40 each workweek." (Doc. 17-2 and 17-3.) There is no reason to believe that other employees won't say the same thing as the 9 employees have already stated. But, in order for Plaintiff to find out, he must have the equal access that Defendant has to

these employees.  Information, such as the names and contact information of other employees is in the sole possession, custody, and control of Defendant.

Given that it is Plaintiff's burden to establish that other similarly situated employees exist, and not Defendant's burden, discovery necessary to establish this burden should be sought solely from Defendant, who is in possession of all of the documents and information relating to employees who are punitive class members, such as their identities, their time and pay information, and the policies and procedures relating to their jobs and compensation.

This Court should not permit written discovery directed to the Plaintiffs or permit depositions prior to the determination of whether to send court-supervised notice as they have already provided the relevant information to make the determination as to whether they are similarly situated. The current Plaintiffs have no other information which goes to the narrow issue of whether they are similarly situated.  Plaintiffs are not required to prove their case prior to notice being sent. Any other information pertinent to whether they are similarly situated is in Defendant's possession, care, custody, and or control.  *Loomis v. Unum Grp. Corp.,* 338 F.R.D. 225, 232 (E.D. Tenn. 2021)(" Defendant has access to this information within its own records and obtaining the information internally rather than through discovery is far more convenient, less burdensome, and less expensive than through Plaintiff and the declarants.")  The Court should not permit discovery with respect

to the opt-ins prior to the determination of whether to send court supervised notice to the potential group of employees, let alone 32 interrogatories, plus depositions of the entire potential group of similarly situated employees. See *Johnson v. Int'l Steel & Counterweights LLC,* No. 4:20-CV-2584, 2021 WL 5359198, at *2 (N.D. Ohio Nov. 17, 2021) - "Courts have found representative discovery to be appropriate and in keeping with the remedial purposes of the FLSA, even where the number of opt in plaintiffs was relatively small. See, e.g., *Gentrup v. Renovo Services, LLC,* No. 1:07-cv-430, 2010 WL 6766418 at *7 (S.D. Ohio Aug. 17, 2010)(finding "in the spirit of collective actions, representative discovery is appropriate" and even "superior given the alleged existence of company-wide policies, the size of the class, the burdensome nature of full discovery upon 115 Plaintiffs in 20 different states, and the potentially small amount of each individual claim"); *Adkins v. Mid- America Growers, Inc.,* 141 F.R.D. 466 (N.D. Ill. 1992) (holding "[i]n a class action such as this, class-wide discovery was more appropriate," and stating individualized discovery from 81 opt-in plaintiffs "exemplifies the hazards of individual class plaintiff discovery"); *Sutton v. Diversity at Work Grp. Inc.,* No. 1:20-CV-00682, 2021 WL 2334488, at *2-3 (S.D. Ohio June 8, 2021) (addressing scope of representative discovery for class of 20 opt-in plaintiffs where "[b]oth parties agree to use representative discovery"); *Ludlow v. Flowers Foods, Inc.,* No. 18-CV-01190-JLS-JLB, 2020 WL 3791638, at *13 (S.D. Cal. July 6, 2020) ("The Court finds that

a 115-member opt-in class is not so large that the burden of responding to some individualized written discovery propounded to each opt-in plaintiff would be unmanageable or unreasonable. However, requiring each opt-in plaintiff to respond to 17 RFPs and 8 interrogatories would impose a significant burden on Plaintiffs, and the Court is unaware of any case that has allowed this volume of individualized discovery from an opt-in class with at least 115 plaintiffs.")

Defendant's statement that "[t]he *Clark* court recognized that depositions are the only manner is which to test those defenses under a similarly situated analysis" is patently false. (Doc. 26, PageID.224.)  *Clark* does not stand for this proposition and did not say this anywhere in the opinion.

**E.    The Court should equitably toll the statute of limitations for potential opt-ins until the determination of whether to send court-supervised notice.**

Should this Honorable Court permit Defendant's discovery proposal with respect to the Opt-In Plaintiffs, Plaintiff respectfully requests that the Court toll the statute of limitations for potential opt-in plaintiffs until the determination of whether to send court-supervised notice.

## III.    CONCLUSION

For the foregoing reasons, and reasons identified in Plaintiff's Discovery Brief (Doc. 25), Plaintiffs respectfully request that the Court adopt Plaintiff's discovery proposal in its entirety.

16

## <u>LOCAL RULE CERTIFICATION</u>

I, Lori M. Griffin, certify that this document complies with Local Rule 5.1(a), including:  double-spaced (except for quoted material and footnotes); at least one-inch margins at the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

Respectfully submitted,

 /s/ Lori M. Griffin
Lori M. Griffin (Ohio 0085241)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Blvd.
Moreland Hills, OH 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
anthony@lazzarolawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on August 18, 2023, a copy of the forgoing was sent to all parties via the Court's electronic filing system.  Parties may access the filing through the Court's system.

               /s/ Lori M. Griffin             
               One of the Attorney's for Plaintiffs