# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL STEWART,

    Plaintiff,

v.

                                    Case No: 2:22-cv-12857
                                   Hon. Stephen J. Murphy III

EPITEC, INC.,

    Defendant.

| | |
|---|---|
| Anthony J. Lazzaro (P86195) | George S. Fish (P51298) |
| Matthew S. Grimsley (OH 0092942) | Jeffrey D. Wilson (P56376) |
| Lori M. Griffin (OH 0085241) | Benjamin A. Tigay (P82937) |
| Alanna Klein Fischer (OH 0090986) | Young Basile Hanlon & MacFarlane, P.C. |
| The Lazzaro Law Firm, LLC | 3001 West Big Beaver Road, Suite 624 |
| The Heritage Building | Troy, MI 48084 |
| 34555 Chagrin Blvd., Ste. 250 | (248) 649-3333 / (248) 649-3338 Fax |
| Moreland Hills, OH 44022 | fish@youngbasile.com |
| (216) 696-5000 / (216) 696-7005 Fax | wilson@youngbasile.com |
| anthony@lazzarolawfirm.com | btigay@youngbasile.com |
| matthew@lazzarolawfirm.com | *Attorney for Defendant* |
| lori@lazzarolawfirm.com | |
| alanna@lazzarolawfirm.com | |
| *Attorneys for Plaintiff* | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S DISCOVERY BRIEF

    Defendant Epitec, Inc. ("Defendant" or "Epitec"), through its undersigned counsel, submits its Response in Opposition to Plaintiffs' Discovery Brief as follows:

## I. INTRODUCTION

*Clark* established the standard to facilitate notice for collective actions: "[W]e hold that, for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark v. A&L Homecare & Training Centr.*, LLC, 68 F.4th 1003, 1011 (6th Cir. 2023). "The very point of the 'similarly situated' inquiry is to determine whether the merits of other-employee claims would be similar to the merits of the original plaintiffs' claims – so that the collective litigation would yield 'efficient resolution and one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.'" *Id. at* 1012, quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity"). Parties to a collective action can only accomplish this goal through discovery on the issue of similarly situatedness, including individualized defenses to plaintiffs' claims. Ultimately, it is the plaintiff that bears the burden of demonstrating similarity. *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 745 (6th Cir. 2019).

Epitec has no objection to the material sought in four of five of Plaintiffs' requested items of discovery. On their face, these four items may bear on the question of whether recruiters are similarly situated. The fifth item – the names, and

contact information including protected personal information of Epitec employees and former employees – does not bear on that issue.

Meanwhile, Epitec's desired discovery is specifically tailored to answer the question whether Epitec's recruiters are similarly situated. All recruiters are bound by three Epitec policies. First, they are required to enter the amount of time worked in a day, and that data generates Plaintiffs' time and pay records. By way of example, Plaintiff Stewart's time and pay records are attached as Exhibit 1 and reflect that he never worked more than 40 hours in a week. Second, the Epitec employee handbook mandates that "[s]alary employees will still enter eight (8) hours each day they work unless more than eight (8) hours are worked. Then you would enter the number of hours you worked." (Stewart Employee Handbook, pp. 34-35, Exhibit 2.) Further, the Employee Handbook also provides a remedy for claims related to underpaid time. "If you believe you have been subject to any improper deductions from your salary, you should immediately report the matter to your supervisor or the Employee Care team at portal.epitec.com. Every report will be thoroughly investigated, and corrective action will be taken where appropriate." (Exhibit 2, p. 37.)

To demonstrate that Epitec recruiters are similarly situated, Plaintiffs must demonstrate that Epitec actually enforced a different policy other than those stated above and that such policy is contrary to the FLSA. And finally, they would need to demonstrate that their hours were all under reported, not paid for, and occurred in a

manner that was similar to all recruiters while not being covered by the administrative exemption.

This is not like a donning and doffing case where an average amount of unpaid time can be computed. Some plaintiffs in such cases may be slightly underpaid, while some may receive a small windfall. Nor is this a case involving unlawful wage deductions via a uniform policy implemented and enforced by Epitec. Rather, the Plaintiffs will need to establish they worked over 40 hours and that somehow the manner in which they did so was similar. Epitec's requested discovery is intended to focus on this very issue and therefore should be authorized by this Court.

## II. ANALYSIS

### A. This Court Should Not Permit Discovery of Epitec Employee Names and Contact Information

Plaintiffs seek to turn *Clark* on its head by replacing court-supervised notice to Epitec's current and former recruiters with *unsupervised* notice with no limits by Plaintiffs' counsel. Plaintiffs' request for names and contact information of all Epitec recruiters has no basis in the law and is not relevant to the limited scope of discovery under consideration. Plaintiffs seek "equal access" to Epitec's recruiters, given that these recruiters may have information relevant to the case. Specifically, Plaintiffs have not stated what information they require from Epitec's employees, and there is no justification provided for *ex parte* communication with Epitec's employees. Plaintiffs recognize this very fact in their cover letter that accompanies their service

4

of the Complaint. (Plaintiffs' November 29, 2022, correspondence is attached as Exhibit 3.) Therein Plaintiffs mandate that Epitec may not communicate with former or current employees and that doing so may necessitate corrective action and protective orders:

> 1) **Epitec cannot notify its current and former employees (putative class members) regarding this collective action, and discourage them from joining this suit.**
>
> The moment an FLSA collective action is filed, the managerial responsibility shifts to the Court to supervise and assist the parties in formal notification given to the putative class members. Unilateral notification from an employer (or its counsel) to putative class members violates the procedures that govern FLSA class notice. In addition, communication that undermines a collective action by discouraging putative class members from joining the suit are unlawful. I advise that Epitec not speak with the putative class members regarding this action. We have been successful in obtaining corrective notice and protective orders against employers that violate these procedures. [Exhibit 3, p. 1.]

Plaintiffs have not articulated why this Court should provide this unique opportunity for *ex parte* communication while they would seek sanctions for the same conduct by Defendant. This flies in the face of *Clark*.

Moreover, case law does not support providing a wholesale list of all current and former recruiters and their contact information. First, Plaintiffs ignore the entirety of *Clark's* guidance on discovery and notice. *Clark* was clear that the notice "**must not**" amount to a "solicitation of claims." 68 F.4th at 1010 (emphasis added). What Plaintiffs propose is a pre-notice shortcut that results in a solicitation of claims

5

from hundreds of current and former Epitec employees. This is especially glaring when Plaintiffs have not yet stated what information they expect to gain from the individuals or the necessity of the contact.

Compounding this solicitation of claims is the likelihood that a de facto "notice" of this lawsuit would be sent to employees that are not similarly situated— one of the plainly stated concerns of *Clark*. *Id*. ("To the extent practicable, therefore, court-approved notice of the suit should be sent only to employees who are in fact similarly situated"). Rather than send court-approved notice, Plaintiffs seek pre-notice contact with hundreds of potential class members. Without a much greater showing, *Clark* controls, and the Court should not sanction Plaintiffs' proposed *ex parte* solicitation of claims.

Plaintiffs have also cited to *McCall v. Soft-Lite* in support of their push for names and contact information. *McCall v. Soft-Lite L.L.C.*, No. 5:22-cv-816, 2023 U.S. Dist. LEXIS 133548 (N.D. Ohio Aug. 1, 2023). In *McCall*, the plaintiff, represented Plaintiffs' counsel herein, the Lazzaro Law Firm, requested largely the same documents as Plaintiffs here. *Compare* ECF No. 25, PageID.198-199 *with McCall*, 2023 U.S. Dist. LEXIS 133548 at *17-18. But the McCall court noted that the plaintiff's proposed discovery was "excessive" and not "narrowly tailored" to the similarly situated inquiry. *Id. at* *21. Further, Plaintiffs' citation to *McCall* omits an important qualifier: a plaintiff "is entitled to information regarding other

6

employees [. . .] **only to the extent that such information reasonably relates to the question of whether such employees are similarly situated**." *Id.* at *21-22 (emphasis added); ECF No. 25, PageID.203 (Plaintiffs' cited quotation ends at the sentence prior). This qualifier originates from *Clark's* concern for a solicitation of claims. *See McCall* at *21-22 (citing *Jones v. Ferro Corp.*, No. 1:22-cv-00253-JDA, 2023 U.S. Dist. LEXIS 118415 (N.D. Ohio July 11, 2023)(citing *Clark*, 68 F.4th at 1010)).

Additionally, other District Courts in this Circuit have held that discovery of contact information of potential opt-in plaintiffs prior to notice being provided was prohibited. *See, e.g.*, *Osborne v. Nicholas Fin., Inc.*, No. 3:12-0185, 2013 U.S. Dist. LEXIS 39004, at *3 and *8 (M.D. Tenn. Mar. 21, 2013) ("discovery of such contact information before conditional certification is likely to impair the Court's ability to supervise the process of providing notice to absent class members"); *Peterson v. Medtronic, Inc.*, No. 2:17-cv-02457, 2018 U.S. Dist. LEXIS 241687, at *8 (W.D. Tenn. May 10, 2018). Ultimately, there is no broad mandate in a post-*Clark* landscape to require all names and contact information for potential class members, and Plaintiffs' request for that information should be denied.

Another concern supports precluding recruiter contact information as there are ethical issues regarding *ex parte* contact between Plaintiffs' counsel and Epitec's employees and agents. Under MRCP 4.2(a), "a lawyer shall not communicate about

7

the subject of the representation with a person whom the lawyer knows to be represented in the matter by another lawyer" without the other lawyer's consent. The undersigned represents Epitec and does not consent to the *ex parte* communications sought by Plaintiffs. Unless and until Epitec's lawyers consent to such contact, Plaintiffs' counsel should be barred from its desired communications with Epitec employees. *See Yao v. Oakland Univ.*, No. 2:21-cv-10523, 2022 U.S. Dist. LEXIS 11428, at *3-4 (E.D. Mich. Jan. 20, 2022). In fact, this is exactly what Plaintiffs demanded with respect to their clients in their cover letter accompanying service of the Complaint:

> **3) Epitec cannot speak with Representative Plaintiff, the current Opt-In Plaintiffs, and the future Opt-In Party Plaintiffs regarding this collection action.**
>
> Representative Plaintiff, the current Opt-In Party Plaintiff, and the future Opt-In Party Plaintiffs are represented by the undersigned and The Lazzaro Law Firm, LLC. Therefore, Epitec cannot communicate with them regarding this collective action in the absence of their counsel. [Exhibit 3, p. 2.]

### B. This Court Should Permit Epitec to Depose Opt-In Plaintiffs

Epitec reiterates its request for additional depositions to permit it to depose the named Plaintiff and seven Opt-In Plaintiffs as of the date of the filing of this Response[1]. Epitec seeks these depositions in addition to the 10 depositions

---

[1] The deposition of Opt-In Plaintiff Lorence Katondo ("Katondo") is not required to determine whether he is not similarly situated with Stewart. Epitec classifies Katondo as a "Consultant Employee" who recruited on site at an Epitec client's

8

contemplated under Fed. R. Civ. P. 30(a)(2)(A)(i). Meanwhile, Plaintiffs seek to limit any depositions to the Representative Plaintiff Stewart while at the same time seeking unfettered, unilateral communications with hundreds of Epitec former and current employees.

Plaintiffs' attempt to prohibit depositions ignores *Clark* and decisions on party participation in discovery on which Plaintiffs otherwise rely. By opting in, Plaintiffs have become parties to the case. *Canaday v. Anthem Cos.*, 9 F.4th 392, 394 (6th Cir. 2021). Further, "depositions are a regular and common discovery tool. In becoming party to a lawsuit, potential opt-in plaintiffs are expected to participate in reasonable discovery, pursuant to *F. R. Civ. P. 26*." *Westley v. CCK Pizza Co., LLC*, 2019 U.S. Dist. LEXIS 136177 *9, 2019 WL 3801624 (E.D. Mich. 2019). Other post-*Clark* decisions have allowed for discovery from opt-in plaintiffs. *Jones v. Ferro Corp.*, No. 1:22-cv-00253-JDA, 2023 U.S. Dist. LEXIS 118415, at *17-18 (N.D. Ohio July 11, 2023).

With *Clark's* heightened standard, deposition testimony from Opt-In Plaintiffs is necessary and highly relevant to the similarly situated inquiry. "Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the

---

facility. Katondo was paid hourly and not subject to the same policies to which those recruiters whom Epitec classifies as "Corporate Employees" and recruit for Epitec.

same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Clark*, 68 F.4th at 1010. *Clark* expressly held that courts may consider individualized defenses, such as the presence of an arbitration agreement or a statute of limitations defense, at the notice stage. *Id. at* 1012. Thus, Epitec must be permitted to question the Opt-In Plaintiffs on topics regarding similarity such as how they entered time, the Employee Handbook policies (Exhibit 2), and supervisor orders.

Of course, if they did not work in excess of 40 hours in a week, they are not entitled to any further compensation. Along those lines, is there an Epitec policy that deprived employees of hours in a similar way? Or did not permit them to enter their full time worked? Or is the analysis dependent on an independent examination of the hours putative plaintiffs claimed they worked per week, be it 41, 50, or more. Or do we estimate how much they worked by the tasks they accomplished? Collective actions are intended to yield an "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Hoffmann-La Roche*, 493 U.S. at 170. Only depositions will permit the Parties to determine whether there is a uniform policy or procedure that affected Opt-In Plaintiffs, or if they are just arbitrary claims to more hours (and more money) that are wildly different and not suitable for a collective action.

To facilitate discovery, Epitec remains open to potential limits for depositions of the Opt-In Plaintiffs in this first phase of notice discovery. Nonetheless,

depositions from the Opt-In Plaintiffs remains necessary when Epitec's records of what they did, who they emailed, who they called and what they reported to Epitec are different for every recruiter. For example, Plaintiff Stewart has no record of working greater than 40 hours per week. Given this deficiency from the representative Plaintiff, Epitec requires deposition testimony from the Opt-In Plaintiffs as well, as is a party's right in a civil litigation. *Clark*, 68 F.4th at 1010.

### C. Plaintiffs' Conclusory Allegations do not Successfully Allege Willfulness

Epitec is aware that this Court has previously found that the "opt-in notice at this early stage of the litigation is to be construed broadly to further the remedial purposes of the FLSA" and that "it would be prudent to cast a wider net with respect to potential plaintiffs at the early stage." *Reeb v. Alro Steel Corp.*, 2022 U.S. Dist. LEXIS 70052, *15 (2022). In doing so the Court cited its prior decision in *Matthews v. ALC Partner, Inc.*, 2009 U.S. Dist. LEXIS 141292, *21 (2009). In *Matthews*, however, the defendant disputed the factual basis for a finding of willfulness, not that plaintiff's pleading was insufficient. Similarly, *Reeb* cited *Kim v. Detroit Med. Informatics, LLC*, 2019 U.S. Dist. LEXIS 204014 (2019), which also did not challenge whether the plaintiff properly pled willfulness.

Epitec's arguments are distinguishable from this Court's prior holdings. Nothing about the FLSA or collective actions alters the requirements for pleading. Indeed, allegations of willfulness "must be far stronger" than a mere allegation that

11

a defendant "knew or had reason to know" of its alleged FLSA violations *Scheck v. Maxim Healthcare Servs.*, 333 F. Supp. 3d 751, 758 (N.D. Ohio 2018). To prove willfulness, a Plaintiff must show that the Defendant either acted with knowledge that a federal statute prohibited its conduct or acted with reckless disregard as to a federal law's requirements. Conclusory assertions do not suffice. *Katoula v. Detroit Ent., LLC*, 557 F. App'x 496, 498 (6th Cir. 2014). "The Supreme Court specifically addressed state-of-mind pleading in *Iqbal*, and explained that Rule 9(b)—which allows a plaintiff to plead [m]alice, intent, knowledge, and other conditions of a person's mind . . . generally—does not give a plaintiff license to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss." *Id.* at *5-6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quotation marks omitted)). Ultimately, "the plaintiff still must plead facts about the defendant's mental state which, accepted as true, make the state-of-mind allegation plausible on its face." *Iqbal*, 556 U.S. at 678.

In *Scheck* the court found that the plaintiff did not allege facts sufficient to amount to willful conduct. The court did so despite *far more detailed pleading* by that plaintiff than in this case:

> Plaintiff alleges only that from January 1, 2015 to October 31, 2015: (1) Maxim "was aware" of its obligation to pay overtime to HHAs; (2) Maxim "did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Rule;" and (3) Maxim acted "willfully" in

12

not paying overtime compensation to its HHAs. (Doc. #1, ¶¶ 39-41.) However, none of these statements arise above wrote and conclusory legal allegations, or amount to "facts" about the defendant's mental state. [*Scheck*, 333 F. Supp. 3d at 758-759.][2]

Even *Clark* acknowledged that "[t]he limitations period for FLSA claims typically is two years" and made that a basis for encouraging courts to "expedite their decision to the extent practicable" on the issue of notice. *Clark*, 68 F.4th at 1011. Plaintiffs' proposed three-year discovery window runs counter to both *Clark* and established precedent for pleading willfulness specifically articulated in *Iqbal*. Plaintiffs baldly claim that those two conclusory allegations allow for additional discovery under the new heightened standard of *Clark*, but no post-*Clark* case has given Plaintiffs what they seek here.

### D. There is No Basis for this Court to Abandon Normal Discovery Protocol and Order Discovery

As other courts in the Sixth Circuit have noted, Plaintiffs' request for an order of expedited production is premature. The court in *Jones* noted, that "issue comes to the Court in an usual posture" with a request for an order compelling production without the service of discovery requests. *Jones*, 2023 U.S. Dist. LEXIS 118415 at

---

[2] Contrast the foregoing with Plaintiffs" two conclusory allegations in their Complaint:
> 31. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.
> 43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

13

*13. Rather than order production when there have been no discovery requests or motions to compel production, the *Jones* court ordered that the parties should follow "the appropriate procedure" during a period of pre-notice discovery focused on the "similarly situated" inquiry. *Id*. at *14; *accord McElroy v. Fresh Mark, Inc.*, No. 5:22-cv-287, 2023 U.S. Dist. LEXIS 133551, at *19 (N.D. Ohio Aug. 1, 2023) ("as in *Jones*" the court ordered a period of discovery for the similarly situated inquiry). *Jones* did not read *Clark* as "requiring a district court to order a defendant to produce particular documents absent a formal request." *Jones*, 2023 U.S. Dist. LEXIS 118415 at *14.

These decisions align with Epitec's suggestion for a first phase of discovery based on notice and the similarly situated inquiry. ECF No. 26, PageID.227. When no discovery requests have been served and no motion to compel filed, the Court should not order the production of documents. Consistent with Epitec's suggestion and the law cited above, there should be an initial discovery phase focused on notice and the similarly situated inquiry where the parties can engage in discovery, including depositions of the Opt-In Plaintiffs.

### III. CONCLUSION

Wherefore, Epitec requests that this Honorable Court adopt its proposed discovery scheduling order with the scope and topics as identified herein.

Dated: August 18, 2023  Respectfully,
**Young Basile Hanlon & MacFarlane, P.C.**

*/s/ George S. Fish*
George S. Fish (P51298)

*Attorneys for Defendant Epitec, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on August 18, 2023, the foregoing was caused to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system.

                                                                               By: */s/ George S. Fish*
                                                                               George S. Fish (P51298)