UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL STEWART,

                  Plaintiff,

v.

EPITEC, INC.,

                  Defendant.

                                 /

Case No. 2:22-cv-12857

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER ON SCOPE OF DISCOVERY**

Plaintiff Michael Stewart sued Defendant Epitec and alleged violations of the Fair Labor Standards Act (FLSA). ECF 1. The parties disagreed about the scope of discovery, so the Court ordered supplemental briefing on the application of the Sixth Circuit's new standard for issuing notice to opt-in plaintiffs in FLSA collective actions. ECF 24−28; *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023). After considering the briefing and relevant law, the Court will order discovery and issue a scheduling order in accordance with the following.

## **BACKGROUND**

Plaintiff alleged that Defendant misclassified him and other similarly situated employees as "exempt" and failed to compensate employees for overtime hours worked in violation of the FLSA, 29 U.S.C. §§ 201-219. ECF 1, PgID 1. Specifically, Plaintiff claimed that Defendant, which provides recruiting services, "required Plaintiff and other similarly situated recruiters to work more than [forty] hours per workweek and did not compensate them for the overtime hours they worked as

1

mandated by the FLSA." *Id.* at 3–4. Plaintiff alleged that none "of the bona fide exemptions applied to the work that Plaintiff and other recruiters performed during their employment with Defendant." *Id.* Additionally, Plaintiff also alleged that the FLSA violations were willful. *Id.* at 5.

In their Joint Discovery Plan, the parties agreed to "a bifurcated discovery process with two stages," albeit with different limitations at each stage. ECF 23, PgID 179–181. In the first stage, discovery would "focus[] on whether the opt-in Plaintiffs are similarly situated" while the second stage would "focus[] on the merits, damages, and Defendant's defenses." *Id.* at 181. The parties disagreed about the scope of discovery in the first stage—specifically, what information is relevant to the similarly situated inquiry. *Id.* at 179−181.

The parties agreed to the following discovery:

(1) Plaintiff will produce all communications "from [Defendant] personnel directing a Plaintiff to enter less than the total number of hours worked in a given day[,] . . . no more than eight hours worked in a given day[,] or no more than forty hours worked in a given week in [Defendant's] timekeeping system;"

(2) Plaintiff will produce "all documentation, including all electronic communications, that each Plaintiff may use to attempt to substantiate a Plaintiff worked more than forty hours in a week;"

(3) Plaintiff will produce "all communications by a Plaintiff including, but not limited to, texts and emails, with any [Defendant] employee or former [Defendant] employee regarding any of the matters at issue in this proceeding which are not protected by the attorney-client privilege and/or attorney work product doctrine;"

(4) Defendant will produce "the time and pay records, onboarding documents, employment agreements, and handbooks of the Plaintiff and [o]pt-in Plaintiffs;" and

(5) Defendant may depose the named Plaintiff before court-authorized notice;

ECF 23, PgID 177, 180.

Plaintiff opposed Defendant's requested disclosure of "each Plaintiff's communications with each other regarding any of the matters at issue in this proceeding which are not protected by the attorney-client privilege or attorney work product doctrine" and depositions of "all Plaintiffs and [o]pt-in Plaintiffs." ECF 26, PgID 220, 228; *see also* ECF 23, PgID 180 (Plaintiff's request that the Court limit Defendant's deposition to only the named Plaintiff and not to increase the number of permitted interrogatories, document discovery, or depositions).

Plaintiff sought the following discovery "for purposes to determining whether the Court should facilitate [n]otice to other employees":

(1) name, last known home address (including zip code), last known telephone number, last known email address, and employment dates (in Microsoft Office Excel format) of all former and current salaried recruiters employed by [Defendant] within the last three (3) years ("the class list");

(2) time and pay data for all former and current salaried recruiters employed by [Defendant] within the last three (3) years;

(3) job descriptions and other documents showing the daily job duties of salaried recruiters employed by [Defendant] within the last three (3) years;

(4) all relevant policies and procedures regarding timekeeping and compensation of salaried recruiters employed by [Defendant] within the last three (3) years; and

(5) all handbooks, policy manuals, and/or training manuals applicable to of salaried recruiters employed by [Defendant] within the last three (3) years.

ECF 23, PgID 180. As to the first request, Defendant opposed producing employee names and contact information. *See* ECF 28, PgID 264–65. And Defendant did not

object to producing the content requested in (2)–(5). *See id.* But Defendant objected

to all the requests to the extent they sought discovery for the three years that precede

the complaint because the limitations period is two years. *See* ECF 26, PgID 221–22.

Indeed, the parties disagreed about the appropriate period for discoverable

information. Plaintiff argued that discovery "should cover the [three]-year period

prior to the filing of the complaint" because Plaintiff alleged that "Defendant engaged

in a willful violation of the FLSA." ECF 25, PgID 212. But Defendant countered that

"there is no basis for discovery beyond the two-year period preceding the filing of the

Complaint" because "Plaintiffs have simply not met the pleading requirements for

willfulness." ECF 26, PgID 221–22.

Finally, the parties disagreed about the appropriate time to equitably toll the

limitations period for potential opt-in plaintiffs. *See* ECF 27, PgID 256 (Plaintiff

requests equitable tolling "until the determination of whether to send [C]ourt-

supervised notice."); ECF 23, PgID 185 (Defendant "would stipulate to toll only the

period for which this case was stayed and awaiting a decision in *Clark*.").

## LEGAL STANDARD

The FLSA allows plaintiffs to sue employers for violations of federal minimum-

wage and overtime mandates on behalf of "similarly situated" employees. 29 U.S.C.

§ 216(b) ("An action to recover the liability" for unpaid minimum wages, overtime

compensation, and liquidated damages "may be maintained against any employer . . .

by any one or more employees for and in behalf of himself or themselves and other

employees similarly situated."). The FLSA requires plaintiffs to opt in if they want to

become additional parties to the lawsuit. *Clark*, 68 F.4th at 1009 (explaining that, unlike a class action, "an FLSA collective action is not representative—meaning that all plaintiffs in an FLSA action must affirmatively choose to become parties") (internal quotation marks and quotation omitted)).

In *Clark*, the Sixth Circuit articulated a new standard for district courts to notify potential plaintiffs of the lawsuit and thereby provide an opportunity to opt in. *Id.* at 1007, 1011. The Sixth Circuit held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiff must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011.

Before *Clark*, most district courts adopted a two-step approach to FLSA discovery. First, a district court conditionally "certified"—and sent notice to—potential plaintiffs based on a "modest factual showing" that they were similarly situated. *Id.* at 1008. The standard for conditional certification was "fairly lenient" and did not concern the merits of the case. *Id.* Then, after merits discovery ended, the court scrutinized whether the other employees were, in fact, similarly situated. *Id.* If they were similarly situated, the court granted "final certification" and the case would proceed as a collective action. *Id.* Conversely, the Fifth Circuit adopted a stringent approach that requires plaintiffs to show by a preponderance of the evidence that employees are, in fact, similarly situated before the court issues notice. *Id.* at 1009 (citing *Swales v. KLLM Transp. Servs.*, 985 F.3d 430, 434 (5th Cir. 2021)).

*Clark* rejected the common "characterization of the notice determination as a 'certification,' conditional or otherwise." *Id.* The Sixth Circuit was clear: class actions

are different from collective actions, and "certification" applies only to the former. *See id.* After a court facilitates notice to potential plaintiffs, the nature of the suit does not change. *Id.* The case does not then "proceed" as a collective action. *Id.* Rather, other employees who the court determines are similarly situated become equal parties to the suit. *Id.*

*Clark* also rejected both the commonly applied "lenient standard" and the Fifth Circuit's "conclusive standard" for determining whether to facilitate notice of an FLSA suit to other employees. *Id.* at 1009–11. Instead, the Sixth Circuit chose a middle ground and held that plaintiffs must show a "strong likelihood" that other employees are similarly situated to the original plaintiffs. *Id.* The strong-likelihood standard "requires a showing greater than the one necessary to create a genuine issue of material fact, but less than the one necessary to show a preponderance." *Id.* at 1011. The Sixth Circuit reasoned that the strong-likelihood standard "would confine the issuance of court-approved notice . . . to employees who are in fact similarly situated." In other words, *Clark's* analysis was presumably motivated by the need to balance equities in pre-notification discovery.

Indeed, the Sixth Circuit warned that "facilitation of notice must not in form or function resemble the solicitation of claims. And notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation." *Id.* at 1010 (quotation marks and quotation omitted). And "the decision to send notice of an FLSA suit to other employees is often a dispositive one, in the sense of forcing a defendant to settle—because the issuance of notice can easily expand the plaintiffs' ranks a

6

hundredfold." *Id.* at 1007. To avoid notifying dissimilar employees of the lawsuit, "a district court may permit discovery for purposes of those similarly situated determinations." *Id.* (quoting *Hoffmann-La Roche, v. Sperling*, 493 U.S. 165, 170 (1989)). That discovery is not one-sided. Defendant is entitled to discovery of "individualized defenses" that disfavor notification just as Plaintiff is entitled to discovery that may support similarly situatedness. *See id.* at 1010. Again, balance is key.

## DISCUSSION

The *Clark* court was primarily concerned with "the manner in which other employees come to learn about the existence of an FLSA suit." *Id.* at 1007. The Court now must discern how to apply *Clark's* "strong likelihood" standard to discovery in the early stages of FLSA litigation. District courts may allow discovery to determine which, if any, additional employees are similarly situated and should receive notice. *See Hoffmann-La Roche*, 493 U.S. at 170. It is the district court's responsibility as the notice gatekeeper to balance the original Plaintiff's discovery needs with the potential for misuse of the collective action device to strongarm defendants into settlement or permit misleading communications to potential plaintiffs. *See id.* at 171. With those competing considerations in mind, the Court will order discovery as follows.

I.   Contemporaneous Discovery

The Court interprets *Clark* to encourage contemporaneous discovery. While Plaintiff may conduct discovery on whether other employees are similarly situated, Defendant may conduct discovery on the merits of the original Plaintiff(s)' claims. Accordingly, the Court will not limit discovery here to whether other employees are

similarly situated. Instead, the Court will set a deadline for Plaintiff to move for Court-authorized notice. Additionally, the Court will order that discovery relevant to the motion be completed before the motion deadline. But the Court will also allow merits discovery pertaining to Plaintiff and Plaintiffs who have opted in before this Order before the notice deadline.

Contrary to Plaintiff's contention that *Clark* "still utilizes the two-step framework for determination of similarly situatedness," ECF 25, PgID 194, and that the first stage must be narrowly limited to the question of whether there is a strong likelihood that other employees are similarly situated, *Clark* is at best agnostic to the two-step approach. What *Clark* makes clear is that the district court must balance discovery necessary to determine whether employees are similarly situated on the one hand and safeguards to prevent unmeritorious claims steamrolling defendants on the other. *See* 68 F.4th at 1010.

Plaintiff argued for expedited discovery at the outset to resolve the question of whether other employees are similarly situated. ECF 23, PgID 180. And *Clark* supports expeditious discovery. 68 F.4th at 1011 ("district courts should expedite their decision to the extent practicable" and "may promptly initiate discovery relevant to the motion"). But *Clark* also warned about the potential prejudice to FLSA defendants who face one-sided discovery. Indeed, "the decision to send notice of an FLSA suit to other employees is often a dispositive one, in the sense of forcing a defendant to settle—because the issuance of notice can easily expand the plaintiffs' ranks a hundredfold." *Clark*, 68 F.4th at 1007. The *Clark* decision thus highlights the

8

need to balance the discovery needs of both parties in the early stages of FLSA litigation.

The Sixth Circuit was clear that the nature of the collective action does not change the character of the case. *Id.* at 1009 ("the notice determination has zero effect on the character of the underlying suit."). The notice determination should therefore have no effect on the merits inquiry in the underlying suit. In other words, the Court should not halt discovery of the original claims while it makes a notice determination. Regardless of whether the Court permits notification, the Plaintiffs who are already parties to the suit will be subject to full discovery.

In sum, the Court will exercise its discretion and "managerial responsibility" by simultaneously permitting merits discovery as to the original Plaintiff(s) and prioritizing discovery as to potential plaintiffs to make a "similarly situated" determination.

### A. *Defendant's Discovery Requests*

The Court will grant Defendant's request to depose all named Plaintiffs and all Plaintiffs who have opted-in as of the date of this Order for the reasons described above. ECF 23, PgID 182; ECF 26, PgID 224. But the Court will not allow depositions of potential opt-in plaintiffs until after the Court makes a notice determination. *Clark* explained the propriety of deposing opt-in plaintiffs.

> Defendants depose plaintiffs in civil litigation for good reasons: among them, plaintiffs often know relevant facts (sometimes helpful to the plaintiff's case, sometimes harmful) that the defendant does not. That is as likely to be true about "similarly situated" determinations as about any other fact-bound determination. We therefore disagree that a district court can or should determine—in absentia—whether other employees are "actually" similarly

9

situated to the original plaintiff. **But neither do we think a district court should facilitate notice upon merely a "modest showing" or under a "lenient standard" of similarity.**

*Clark*, 68 F.4th at 1010 (emphasis added). The Sixth Circuit clearly contemplated that opt-in plaintiffs may need to be deposed after notice is issued to decide whether there is, in fact, similarity. But depositions are not necessary to determine whether there is a strong likelihood of similarity. Defendant alleged that it "must be permitted to question the [o]pt[ i]n [p]laintiffs on topics regarding similarity such as how they entered time, the Employee Handbook policies [], and supervisor orders." ECF 28, PgID 272. Not so. The documents speak for themselves to show that there is or is not a "strong likelihood" of similarity. If notice is issued, Defendant may then be permitted to depose opt-in Plaintiffs about those documents.

The Court will refrain from deciding whether to grant leave to exceed the ten depositions permitted under the Federal Rules of Civil Procedure, 30(a)(1)(A)(i), or whether to limit the number of interrogatories and document requests, *id.* at 26(b)(2). Defendant's request is premature since discovery has not begun and it is uncertain how many depositions will be necessary, how many potential plaintiffs there will be, and whether Plaintiffs will stipulate to additional discovery. If the parties cannot resolve discovery disputes as they relate to additional depositions, document requests, and interrogatories, Defendant may at that time seek Court permission.

Additionally, the Court will grant Defendant's requested disclosure of "each Plaintiff's communications with each other regarding any of the matters at issue in this proceeding which are not protected by the attorney-client privilege or attorney

work product doctrine." ECF 23, PgID 178; ECF 26, PgID 220. Plaintiff objected and argued that the information "goes to the merits of the case and is not relevant to the determination of whether Plaintiffs are similarly situated to other employees." ECF 27, PgID 246. Defendant proposed that the discovery would be "highly probative of individualized defenses." ECF 26, PgID 221. The Court agrees. "Whether other employees are subject to individualized defenses—such as an employee's agreement to arbitrate a claim—can also affect whether particular employees are similarly situated for purposes of sending notice." *Clark*, 68 F.4th at 1010. Here, communications between recruiters may reveal admissions or acknowledgments that contradict Plaintiff's claims. The Court will therefore allow the discovery as to non-privileged, non-protected communications between Plaintiffs.

Finally, Defendant noted that it anticipates "dispositive motion practice at the close of the first stage of discovery." ECF 26, PgID 228. The Court will consider dispositive motions in accordance with the Federal Rules of Civil Procedure, which allow a party to "file a motion for summary judgment at any time until [thirty] days after the close of all discovery." Fed. R. Civ. P. 56(b). And Plaintiff did not expressly object to the filing of dispositive motions. Indeed, there is no reason to delay consideration of dispositive motions, particularly given the Court's order that the parties may immediately engage in merits discovery with respect to the original Plaintiffs. Thus, in the interest of efficiently resolving the dispute, the Court will consider dispositive motions at any time before the close of discovery.

### B. *Plaintiff's Discovery Requests*

Plaintiff sought discovery of the names and contact information "of all former and current salaried recruiters employed by [Defendant] within the last three (3) years." ECF 23, PgID 180. Defendant objected. *See* ECF 26, PgID 223. The Court will not allow the discovery of potential plaintiff's contact information before notice facilitation. Just as Defendant has no right to depose potential plaintiffs, Plaintiff is not entitled to information which would allow him to contact potential plaintiffs before the Court authorizes notice.

*Clark* does not permit the discovery of the contact information of potential plaintiffs before a showing that there is a "strong likelihood" that the potential plaintiffs are similarly situated to Plaintiff. *See Clark*, 68 F.4th at 1010. "The Court's facilitation of notice must not in form or function resemble the solicitation of claims. And notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation of those employees to bring suits of their own." *Id.* (quotation marks and quotations omitted). Allowing Plaintiff to contact potentially similar employees would in effect allow Plaintiff the benefit of conditional certification before a showing of a "strong likelihood" that the employees are similarly situated. *Clark* expressly rejected this framework and held that such practice would amount to solicitation. *Id.* Thus, the Court will not allow Plaintiff to discover the contact information of potential plaintiffs.

Plaintiff nevertheless argued that because *Clark* reasoned that "other employees themselves might have evidence of similarity," it contemplated discovery

12

before notice. ECF 25, PgID 201–02 (quoting *Clark*, 68 F.4th at 1010). But Plaintiff

misconstrued the Sixth Circuit's statement. While *Clark* indeed noted that "other

employees themselves might have evidence of similarity," it did so to rebut the idea

that the Court must *conclusively* determine whether potential plaintiffs are similarly

situated before issuing notice. *Clark*, 68 F.4th at 1010 (holding instead that Plaintiff

must only show a "strong likelihood"). Thus, contrary to Plaintiff's contention,

Plaintiff is not entitled to discovery of the class list before a notice determination.

Additionally, Plaintiff sought permission to take a Rule 30(b)(6) deposition but

opposed Defendant's ability to depose any Plaintiff who as opted in after the named

Plaintiff filed suit. ECF 23, PgID 180. And that request constitutes the exact

discovery imbalance that *Clark* rejected. The Court will not limit either party's ability

to depose any party to the litigation as of the date of this Order. Plaintiff may depose

a Rule 30(b)(6) representative at any time, just as Defendant may depose a Plaintiff

who is party to the litigation.

II.     Time Period of Discoverable Information

The limitations period for FLSA actions is "two years after the cause of action

accrued . . . except that a cause of action arising out of a willful violation may be

commenced within three years." 29 U.S.C. § 255(a). Plaintiff contended that discovery

"should cover the [three]-year period prior to the filing of the complaint" because

Plaintiff alleged that "Defendant engaged in a willful violation of the FLSA." ECF 25,

PgID 212. But Defendant disagreed and argued for a two-year period because

13

"Plaintiffs have simply not met the pleading requirements for willfulness." ECF 26, PgID 221–22.

Defendant's argument has no effect on discovery; it is more appropriate for a motion to dismiss. The Federal Rules of Civil Procedure do not impose a heightened pleading standard to warrant discovery of relevant information. That the parties contest whether there was a willful violation exemplifies the need for broader discovery. And as the Court previously explained, "it would be prudent to cast a wider net with respect to potential plaintiffs at the early stage, and then limit the class—if appropriate—in the second phase of the collective action process." *Reeb v. Alro Steel Corp.*, No. 21-cv-12545, 2022 WL 1125795, at \*7 (E.D. Mich. Apr. 15, 2022) (quotation and citation omitted) (Murphy, J.). "Plus, this route is more practical than . . . mailing a second round of notices to potential opt-in members if the Court finds the defendants' actions constitute willfulness later in the proceedings." *Id.* (quotation and citation omitted). The Court will therefore allow discovery for a three-year period before the complaint was filed.

III.   Equitable Tolling

Last, the Court finds that equitable tolling is warranted. An equitable tolling provision "is read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). In FLSA collective actions, the limitations period for a potential plaintiff continues to run until he or she files a written consent to join the action. *See* 29 U.S.C. § 256(b). Thus, "[a]s the Supreme Court noted in *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989), the inherent benefits of the collective

14

action 'will disappear' if plaintiffs are not notified of the suit before their statute of limitations expires." *Stickle v. SCI W. Mkt. Support Ctr., L.P.*, No. CV-08-803, 2008 WL 4446539, *22 (D. Ariz. Sept. 29, 2008). And two of the three Judges in *Clark* expressly endorsed equitable tolling in FLSA actions. *Clark*, 68 F.4th at 1012−13, 17. Indeed, delays inherent in the process of determining whether others are similarly situated "could diminish FLSA collective actions to the point of being unfeasible." *Id.* at 1012 (quotation marks and quotations omitted). And "district courts should freely grant equitable tolling to *would-be* opt-in plaintiffs." *Clark*, LLC, 68 F.4th at 1017 (J. White, concurring) (emphasis added).

Plaintiff requested equitable tolling of the limitations period for potential opt-in plaintiffs "until the determination of whether to send [C]ourt-supervised notice." ECF 27, PgID 256. Defendant, on the other hand, "would stipulate to toll only the period for which this case was stayed and awaiting a decision in *Clark*." ECF 23, PgID 185. But the same reasons to toll the limitations period during the stay support tolling until the Court authorizes notice. "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). Both the time it took the Court to resolve the present discovery dispute and the time it takes for the Court to issue notice are beyond the control of the would-be opt-in plaintiffs. The Court therefore will equitably toll the limitations period from April 25, 2023—the date the Court stayed litigation pending a decision in *Clark*, ECF 19—until notice is issued.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the parties must **CONDUCT** discovery in accordance with the above.

**IT IS FURTHER ORDERED** that the deadline to conduct discovery for the purpose of determining notice to potential plaintiffs will be **no later than ninety days from the issuance of this Order**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to move for notice to potential plaintiffs will be **no later than 120 days from the issuance of this Order.**

**IT IS FURTHER ORDERED** that the parties must **FILE** a joint status report **at the end of the ninety-day notice discovery period** detailing their progress in discovery, the prospects of settlement, and proposing discovery and dispositive motions deadlines.

**IT IS FURTHER ORDERED** that the limitations period for opt-in Plaintiffs, if any, will be **TOLLED from April 25, 2023 until notice is issued**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 9, 2024